# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LENNA PRIDGEN, as Next Friend of
F.P., a Minor,

    Plaintiff,

-v-

CITY OF DETROIT, DETROIT POLICE
OFFICER JOHN DOE #1 (W. Johnson), individually,
DETROIT POLICE OFFICER JOHN DOE #2,
individually, DETROIT POLICE OFFICER JOHN
DOE #3, individually, DETROIT POLICE OFFICER
JOHN DOE #4, individually, DETROIT POLICE
OFFICER JOHN DOE #5, individually, and
DETROIT POLICE OFFICER JANE DOE, individually,

    Defendants.
_____/

Case No.:
Hon.

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
d.dworetsky@fiegerlaw.com
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1. This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the

United States Constitution.

2. This court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

4. The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States District Court for the Eastern District of Michigan (Southern Division). Venue is proper under 28 U.S.C. §1391(b).

## PARTIES

5. The Plaintiff, Lenna Pridgen, is, and at all times relevant to this action was, a permanent resident of the State of Michigan, residing in the City of Detroit, Wayne County, Michigan.

6. That Plaintiff's Minor, 15 years old at the time of this incident, is, and at all times relevant to this action was, a permanent resident of the State of Michigan, residing in the City of Detroit, Wayne County, Michigan.

7. Defendant City of Detroit is a governmental entity in the State of Michigan and operates the Detroit Police Department of the City of Detroit.

8. Upon information and belief, all of the individually named Defendants are citizens of the United States and are Detroit Police Officers and at all times relevant to this action were assigned to certain patrol duties within the City of Detroit. Furthermore, at all times relevant to this action the Defendants were acting under the color of Law and were acting within the course and scope of their employment with the City of Detroit.

9. On June 29, 2016, at the time of the events alleged in this Complaint, all of the individually named Defendants were at all times each acting in their individual capacities, within the course and scope of their employment as police officers employed by the City of Detroit, and under color of law.

## FACTUAL ALLEGATIONS

10. On or about June 29, 2016, at approximately 11:30 a.m., Defendant Officer Jane Doe parked her police vehicle on Russell Street in front of Plaintiff's home.

11. At that date and time, Plaintiff's Minor, at that date and time, had just exited his home to speak to his sister who parked in front of Plaintiff's home just prior to Defendant Officer Jane Doe's arrival, and he was speaking with her at her driver side window.

12. Defendant Officer Jane Doe pulled out her gun and struck

Plaintiff's Minor in the left eye with her gun, breaking his glasses.

13. Defendant Officer Jane Doe continued to point her gun at Plaintiff's Minor despite no threatening behavior by Plaintiff's Minor.

14. Defendant Officers John Doe #1 - #5, one of whom is to believed to be "W. Johnson," then arrived at the scene.

15. Despite the lack of any threatening behavior by Plaintiff's Minor, Defendant Officers John Doe #1 - #5 all surrounded Plaintiff's Minor, and with unnecessary, excessive and great force gang-tackled Plaintiff's Minor to the street.

16. While Plaintiff's Minor was lying on the ground with Defendant Officers John Doe #1 - #5 on top of him with knees to his back, these Defendant Officers began punching, kicking, and spitting on Plaintiff's Minor, quickly and repeatedly with unnecessary, excessive and great force.

17. Plaintiff's Minor was punched and kicked repetitively all over his body, including but not limited to his legs, back, shoulders, arms, pelvis, neck, face and/or head.

18. During the vicious physical assault by Defendant Officers John Doe #1 - #5, Plaintiff's Minor did not resist and displayed no threatening behavior.

19. All of the individual Defendants ignored Plaintiff's Minor's

4

clear physical distress and either continued to brutally assault him without justification while using their body weight to exert physical pressure onto Plaintiff's Minor as he was on the pavement or continued to allow the brutal assault of Plaintiff's Minor.

20. While Defendant Officers were brutally assaulting Plaintiff's Minor, Defendant Officer Jane Doe and/or other Officers, including all other Defendant Officers, failed to intervene.

21. Upon information and belief, none of the Defendant Officers observed Plaintiff's Minor commit any violent felony or crime at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff's Minor.

22. Plaintiff's Minor did not have any firearm, weapon, or display an object that appeared to be a weapon at any time prior to or during the confrontation or brutal unjustified attack on Plaintiff's Minor.

23. Plaintiff's Minor did not threaten in anyway the Defendant officers at any time prior to or during the confrontation or brutal unjustified attack on Plaintiff's Minor.

24. Plaintiff's Minor did not pose an immediate threat of harm to any of the Defendant Officers or any other person in the immediate vicinity at any time prior to or during the confrontation or brutal, unjustified physical

5

attack on Plaintiff's Minor.

25. Plaintiff's Minor did not pose any realistic likelihood of risk of flight at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff's Minor.

26. The Defendant Officers did not have any justifiable excuse or reason to throw Plaintiff's Minor to the ground. At no time relevant, did Defendants have any probable cause to attack Plaintiff's Minor.

27. As a direct and proximate result of the wrongful acts and omissions of the Defendant Officers, Plaintiff's Minor sustained severe and permanent injuries.

### COUNT I
### LIABILITY OF THE CITY OF DETROIT FOR INADEQUATE TRAINING AND/OR SUPERVISING OF POLICE OFFICERS REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS

28. Plaintiff incorporates herein all of the prior allegations.

29. The City of Detroit and the Detroit Police Department had an obligation to train their police officers regarding the constitutional rights of citizens to due process and a fair trial, how those rights are protected and how those rights are violated.

30. The City of Detroit and the Detroit Police Department had an obligation to supervise their police officers to insure that the constitutional rights of citizens were not violated.

31. The City of Detroit and the Detroit Police Department had an obligation to train their police officers regarding proper dealing with emotionally disturbed/impaired individuals, including emotionally disturbed/impaired minors.

32. The City of Detroit and the Detroit Police Department failed to comply with those obligations and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of the City's citizens by police officers and had a custom or policy of failing to train and/or failing to supervise police officers regarding the protection/violation of those constitutional rights and regarding proper dealing with emotionally disturbed/impaired individuals, including emotionally disturbed/impaired minors. The Defendants acted in accordance with that policy and/or custom of the City of Detroit, and the policy was the driving force behind the violation of Plaintiff's Minor's constitutional rights.

33. By inadequately training and/or supervising their police officers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, the City of Detroit and the Detroit Police Department

encouraged and cultivated the conduct which violated Plaintiff Minor's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

34. The conduct of the City of Detroit and the Detroit Police Department violated 42 U.S.C. § 1983.

35. Plaintiff Minor's physical and emotional injuries were a direct and proximate result of the conduct of the City of Detroit and the Detroit Police Department and their deliberate indifference to his Constitutional rights.

36. As a direct and proximate result of Defendants' violation of Plaintiff Minor's constitutionally-protected rights, Plaintiff's Minor has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;

    b. Injuries to the head, eyes, nose, ribs, pelvis, and other bodily injuries;

    c. Fractured nasal bone;

    d. Fractured rib;

    e. Fractured pubic bone;

    f. Permanent scarring;

    g. Mental anguish;

    h. Severe emotional distress;

i. Fright and shock;

j. Denial of social pleasures and enjoyment;

k. Humiliation or mortification;

l. Reasonable medical bills and expenses for the past, present and future;

m. Future medical treatment;

n. Punitive damages;

o. Exemplary damages;

p. Pre-Judgment Interest;

q. Post-Judgment Interest; and

r. All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

### COUNT II
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 BY DEFENDANT OFFICER JANE DOE AND DEFENDANT OFFICERS JOHN DOE #1 - #5

37. Plaintiff incorporates herein all of the prior allegations.

38. The above describes the savage attack on Plaintiff's Minor was without legal justification.

39. The above-described savage physical attack on Plaintiff's


Minor was without legal justification.

40. At all times relevant, Plaintiff's Minor had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the Fourth Amendment to the United States Constitution.

41. At all times relevant, as police officers acting under color of law, the individually named Defendants were required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

42. In violation of Plaintiff Minor's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the individually named Defendants employed unnecessary, unreasonable, and excessive force against Plaintiff's Minor, thereby inflicting horrendous personal injuries upon him.

43. In violation of Plaintiff Minor's clearly established

constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the individually named Defendants failed to act to prevent the use of unnecessary, unreasonable, and excessive force against Plaintiff's Minor.

44. Pursuant to 42 U.S.C. §§ 1983 and 1988, the individually named Defendants are liable to Plaintiff for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

45. The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

46. As a direct and proximate result of the individually named Defendants' willful violation of Plaintiff Minor's constitutionally-protected rights, Plaintiff's Minor has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;

    b. Injuries to the head, eyes, nose, ribs, pelvis, and other bodily injuries;

    c. Fractured nasal bone;

    d. Fractured rib;

    e. Fractured pubic bone;

    f. Permanent scarring;

    g. Mental anguish;

    h. Severe emotional distress;

    i. Fright and shock;

    j. Denial of social pleasures and enjoyment;

    k. Humiliation or mortification;

    l. Reasonable medical bills and expenses for the past, present and future;

    m. Future medical treatment;

    n. Punitive damages;

    o. Exemplary damages;

    p. Pre-Judgment Interest;

    q. Post-Judgment Interest; and

    r. All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT III
## FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFF'S MINOR'S FOURTH OR FOURTEENTH AMENDMENT RIGHTS

47. Plaintiff incorporates herein all of the prior allegations.

48. Defendants had a duty to intervene when other Defendant officers were violating Plaintiff's Minor's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983, which in effect, resulted in the infliction of excessive force and punishment upon Plaintiff's Minor.

49. Defendants observed and/or had reason to know that excessive force amounting to punishment was being inflicted upon Plaintiff's Minor without a legitimate goal and/or justification.

50. Defendants had the opportunity and means to prevent the excessive force and punishment and/or violation of the rights of Plaintiff's Minor from occurring.

51. Defendants were acting with deliberate indifference to the about described acts being inflicted upon Plaintiff's Minor, and as such, was the proximate cause of the injuries suffered by Plaintiff's Minor.

52. The foregoing conflict by Defendants itself amounted to a constitutional violation of Plaintiff's Minor's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

53. As a direct and proximate result of the individually named Defendants' willful violation of Plaintiff Minor's constitutionally-protected rights, Plaintiff's Minor has suffered and will continue to suffer damage into the future, including but not limited to:

    a. Physical pain and suffering;

    b. Injuries to the head, eyes, nose, ribs, pelvis, and other bodily injuries;

    c. Fractured nasal bone;

    d. Fractured rib;

    e. Fractured pubic bone;

    f. Permanent scarring;

    g. Mental anguish;

    h. Severe emotional distress;

    i. Fright and shock;

    j. Denial of social pleasures and enjoyment;

    k. Humiliation or mortification;

    l. Reasonable medical bills and expenses for the past, present and future;

    m. Future medical treatment;

    n. Punitive damages;

    o. Exemplary damages;

    p. Pre-Judgment Interest;

    q. Post-Judgment Interest; and

r. All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

/s/David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
d.dworetsky@fiegerlaw.com

Dated: July 8, 2016

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LENNA PRIDGEN, as Next Friend of
F.P., a Minor,

      Plaintiff,

-v-

CITY OF DETROIT, DETROIT POLICE
OFFICER JOHN DOE #1(W. Johnson), individually,
DETROIT POLICE OFFICER JOHN DOE #2,
individually, DETROIT POLICE OFFICER JOHN
DOE #3, individually, DETROIT POLICE OFFICER
JOHN DOE #4, individually, DETROIT POLICE
OFFICER JOHN DOE #5, individually, and
DETROIT POLICE OFFICER JANE DOE, individually,

      Defendants.

Case No.:
Hon.

_____/

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
d.dworetsky@fiegerlaw.com
_____/

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys, Fieger, Fieger, Kenney & Harrington, P.C., hereby demands a trial by jury on this matter.

Respectfully submitted,

/s/David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
d.dworetsky@fiegerlaw.com

Dated: July 8, 2016